NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2022[*]
Decided September 7, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 22-1403

| | |
|---|---|
| HELENE TONIQUE LAURENT MILLER, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant,* | |
| *v.* | No. 1:19-cv-03900 |
| INDEEDS, INC., et al., | Charles R. Norgle, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Helene Miller has sued certain businesses several times, including in this case, for employment discrimination and other civil rights violations. This case was

---

[*] The appellees were not served with process and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. FED. R. APP. P. 34(a)(2)(C).

dismissed for failure to prosecute, and because Miller does not meaningfully challenge that decision, we dismiss her appeal.

In April 2019, Miller (using her former name Helene Tonique Williams) filed identical complaints in both the Northern and Central Districts of Illinois. Miller alleged employment discrimination under Title VII based on her race, color, national origin, and religion in connection with her former job as a security guard. Both districts opened cases, though Miller was already a restricted filer in the Northern District. In early May 2019, the Central District transferred its case to the Northern District because the alleged events occurred in, and most parties resided in, the Northern District. That case remains open. This appeal is from the case that Miller filed directly in the Northern District, which we now refer to as the "district court."

The district court dismissed Miller's complaint at screening, see 28 U.S.C. § 1915(e)(2), with leave to amend. The court explained that Miller made specific allegations against only one of the many, and seemingly unrelated, defendants. Miller submitted an amended complaint alleging civil rights violations in July 2019, after which the district court granted her leave to proceed in forma pauperis. About eighteen months later, Miller moved for the court to "revisit" this case and to close the case that had originated in the Central District. In response, the court dismissed this case for failure to prosecute under Federal Rule of Civil Procedure 4(m) and its Local Rule 41.1.

Miller filed a motion to "reinstate the case," which, given the timing, the court properly considered as a motion to vacate under Federal Rule of Civil Procedure 59(e). The court denied that motion on July 19, 2021, starting the time to appeal. FED. R. APP. P. 4(a)(4)(A)(iv). That same day, Miller filed another motion, titled "Motion to represent Pro Se," which mentioned the duplicate cases and took issue with the closing of this one. The court noted that "[g]enerously construed, her motion asks the court to vacate the order of July 16, 2021 that denied her previous motion to vacate." It denied the motion on March 11, 2022, and noted that her duplicate case was still pending but had been transferred to the Executive Committee. Miller appealed that same day. We ruled that the notice of appeal was timely only as to the March 11 ruling. FED. R. APP. P. 4(a)(1)(A); *Miller v. Indeeds, Inc.*, No. 22-1403 (7th Cir. Apr. 27, 2022).

On appeal, Miller focuses almost entirely on her concern that the docket sheet does not reflect her current legal name. We have updated the caption through administrative action. She contests the district court's March 11 order in general terms (insisting that her other case, which she has apparently not sought to dismiss voluntarily, was opened by mistake), but she provides no grounds on which the district

court could have granted her successive post-judgment motion. She does not address the district court's reasoning nor explain what relief she is seeking. See FED. R. APP. P. 28(a)(8)(A) (brief must contain the appellant's "contentions and reasons for them, with citation to the authorities and parts of the record on which the appellant relies"); *Anderson v. Hardman*, 241 F.3d 544, 545–6 (7th Cir. 2001) (dismissing appeal when pro se appellant gave "no articulable basis for disturbing the district court's judgment," and cited "one irrelevant case").

DISMISSED